IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| THE COY/SUPERIOR TEAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:01-CV-634 |
| | ) | |
| BNFL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is set for hearing on defendant's "Motion for Further Relief" [doc. 174]. Now before the court is plaintiff's "Motion for the Scheduled Hearing to Be to a Jury" [doc. 198]. Defendant has responded [doc. 200] to the jury motion, and plaintiff has submitted a reply [doc. 201].

On the unique facts of this case, it is concluded that a proper jury demand is not now before the court. In the alternative, plaintiff has withdrawn its initial jury demand. Further, the court declines to exercise its discretion to order a jury hearing under Federal Rule of Civil Procedure 39(b). Plaintiff's jury motion will accordingly be denied.

I.

*Pending Motions*

The extensive history of this litigation has been set forth in the prior opinions of this court and in the April 3, 2006 opinion of the United States Court of Appeals for the

Sixth Circuit. The Sixth Circuit affirmed all disputed prior rulings of this court, with the exception that the grant of summary judgment in favor of plaintiff on its declaratory judgment count was reversed with instructions to enter summary judgment in favor of defendant.

On February 9, 2007, defendant filed its "Motion for Further Relief" pursuant to 28 U.S.C. § 2202, which authorizes "[f]urther necessary or proper relief based on a declaratory judgment . . . against any adverse party whose rights have been determined by such judgment." On April 7, 2008, the court entered an order providing in material part,

> *This nonjury case* is before the court on defendant's "Motion for Further Relief" [doc. 174]. The motion is SET for an evidentiary hearing, *for the court to determine* the amount of damages to which defendant is entitled, on August 25, 2008 . . ..

[Doc. 197] (italics added).

By its present motion, plaintiff seeks to have defendant's "Motion for Further Relief" determined by a jury. In support of the motion, plaintiff argues that

> it is entitled to a jury as a matter of law in that a jury was demanded in the original Complaint (doc. 1); the waiver to [sic] a hearing to a jury was limited to those issues heard by this Court which resulted in its decision of July 26, 2004, (Doc. 161); and that the issue tendered by BNFL's [motion] are beyond issues previously heard and decided.

[Doc. 198].

## II.

### *Procedural History*

The court deems the following timeline relevant to plaintiff's jury motion:

December 7, 2001    Plaintiff filed its original complaint, with jury demand. [Doc. 1].

February 15, 2002    Defendant filed its original answer, with no jury demand. [Doc. 5].

April 9, 2002    The court entered its scheduling order, setting this case for a jury trial consistent with plaintiff's demand. [Doc. 9].

January 31, 2003    Plaintiff filed its first amended complaint, with jury demand. [Doc. 33].

March 11, 2003    Plaintiff filed its second amended complaint, with no jury demand. [Doc. 45].

March 25, 2003    Defendant filed its answer and counterclaim to the second amended complaint, with no jury demand. [Doc. 46].

May 6, 2003    Plaintiff answered the counterclaim, with no jury demand. [Doc. 47].

October 8, 2003    The court granted plaintiff's motion for a continuance. [Doc. 87]. Having not yet observed that the second amended complaint contained no jury demand, the court in its order inadvertently continued to reference a "jury trial."

December 10, 2003    Plaintiff moved for leave to file a third amended complaint. [Doc. 97]. The motion was denied. [Doc. 99]. The proposed third amended complaint appended to the motion contained no jury demand.

3

| March 18, 2004 | The court entered an order [Doc. 131] which provided in material part, "At the request of counsel, . . . trial . . . is RESET to April 6, 2004. It is also noted that counsel for the plaintiff has informed the court that plaintiff has waived its right to a jury trial." |
|---|---|
| March 19, 2004 | Defendant filed "BNFL's Response to Plaintiff's Proposed Pre-Trial Order." [Doc. 132]. Appended to the response was plaintiff's proposed order which, *inter alia*, purported to identify the remaining issues for trial. Plaintiff's proposed order concluded, "As to these issues plaintiff waives its right to a jury trial." |
| April 8, 2004 | The court completed its three-day bench trial in this case. |

III.

*Rule 38(b)*

Federal Rule of Civil Procedure 38(b) provides,

On any issue triable of right by a jury, a party may demand a jury trial by:

> (1) serving the other parties with a written demand - which may be included in a pleading - no later than 10 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b). There is no such written demand before the court.

Obviously, the original and first amended complaints contained jury demands. Those pleadings are, however, nullities as plaintiff superceded them with the filing of its second amended complaint. *See, e.g., B&H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) (quoting *Drake v. City of Detroit*, No. 06-1817, 2008 WL 482283, at *2 (6th Cir. Feb. 21, 2008)) ("a prior complaint is a nullity, because an amended complaint

4

supercedes all prior complaints"). "[O]nce an amended pleading is interposed, the original pleading no longer performs any function in the case." *Id.* (quoting 6 Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990)).

Plaintiff did not demand a jury in the "live" second amended complaint, nor did it file a Rule 38(b) demand within ten days of service of the last pleading - its answer [Doc. 47] to the counterclaim. Therefore, plaintiff waived its right to a jury trial. *See* Fed. R. Civ. P. 38(d). This is not a jury case, and plaintiff's motion will be denied. *See Reliance Nat'l Ins. Co v. Royal Indem. Co.*, No. 99 Civ. 10920, 2001 WL 1182852, at *1 (S.D.N.Y. Oct. 5, 2001) (Defendant's "original jury demand was superceded by his failure to demand a jury trial in his answer to the amended complaint."); *see also Drake*, 2008 WL 482283, at *2 ("Because claims for gross negligence or abuse of process were not incorporated in Drake's only 'live' complaint, we will not consider them.").

IV.

*Rule 38(d)*

In the alternative, even if the court were to conclude that a proper jury demand was made in this case, the demand was subsequently withdrawn. The March 18, 2004 order stated unequivocally "that counsel for the plaintiff has informed the court that plaintiff has waived its right to a jury trial." That order was entered following the court's inquiry as to the jury/nonjury status of the case.

5

The record does not document, and the undersigned does not precisely recall, the manner in which "counsel for the plaintiff ... informed the court[.]" The March 18, 2004 order is nonetheless most clear. While the language of plaintiff's proposed pretrial order was conditional ("[a]s to these issues plaintiff waives its right"), the court's order was not. Plaintiff raised no objection to the order.

Under Rule 38(d), a proper jury demand may be withdrawn only if all parties consent. At a minimum, defendant impliedly consented. It did not object to the March 2004 order; it never demanded a jury; and it participated in the three-day bench trial.

The proposed third amended complaint is further evidence that plaintiff intended to withdraw its original jury demand. Although leave to file that pleading was denied, the absence therein of a jury demand is strong evidence that the absence of a demand in the second amended ["live"] complaint was intentional rather than the result of a typographical error.

For these reasons, even if a proper jury demand were before the court, that demand was withdrawn by plaintiff. Again, the instant motion must be denied.

V.

*Rule 39(b)*

Even when no demand has been made, the court within its discretion "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R.

6

Civ. P. 39(b).[1]  District courts have broad discretion in ruling on Rule 39(b) motions, *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987), and should consider the following factors:

> 1. whether the case involves issues which are best tried to a jury;
>
> 2. whether granting the motion would result in a disruption of the court's schedule or that of the adverse party;
>
> 3. the degree of prejudice to the adverse party;
>
> 4. the length of delay in having requested a jury trial; and
>
> 5. the reason for the movant's tardiness in requesting a jury trial.

*Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983); *see also Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990) ("not disagree[ing] with the factors set out in *Parrott*").

The court is mindful that its broad discretion generally "should be exercised in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary." *Kitchen*, 825 F.2d at 1013 (citation and quotation omitted). On the facts of the instant case, "strong and compelling reasons" support the denial of Rule 39(b) relief.

As for the first *Parrott* factor, the case at this stage does not involve an issue best tried to a jury. Unlike newly-seated jurors, the court has already conducted a three-day

---

[1] For purposes of the instant motion, the court has presumed that defendant's motion for relief involves an "issue for which a jury might have been demanded." *See, e.g., Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) ("Money damages are, of course, the classic form of *legal* relief.") (emphasis in original); Fed. R. Civ. P. 57 (right to jury exists in declaratory judgment actions).

bench trial and is intimately familiar with the factual background of the case. Regarding the second factor, seating an unfamiliar jury for the purpose of deciding a motion would be a strong disruption of the court's schedule. Beyond the obvious time and expense, jurors would have to be familiarized with the extensive factual basis of the parties' dispute. That would be an unnecessary drain of the court's resources.

Each party makes only unpersuasive and hypothetical arguments regarding the third *Parrott* factor. The fourth and fifth factors weigh strongly in favor of denying Rule 39(b) relief. By plaintiff's own affirmative act of filing its second amended complaint, this case has been in a nonjury posture since at least May 2003. That fact was confirmed in the court's March 18, 2004 order to which plaintiff did not object. Plaintiff has offered no explanation why it now seeks a jury hearing *five years after* the filing of its second amended [nonjury] complaint. *Cf. Kitchen*, 825 F.2d at 1013 ("Generally, a district court does not abuse its discretion by denying a Rule 39(b) motion if the only justification for delay is 'mere inadvertence.'"). For all these reasons, the court finds "strong and compelling" justification to deny Rule 39(b) relief.

VI.

*Conclusion*

Plaintiff's "Motion for the Scheduled Hearing to Be to a Jury" will be denied.

An order consistent with this opinion will be entered.

ENTER:

                                             s/ Leon Jordan
                                    United States District Judge